# MEMORANDA

## CASES NOT REPORTED IN FULL.

---

JOSEPH W. KOEHLER AND ANOTHER, · RESPONDENTS, v
EDWARD SANDERS AND JOHANNA SANDERS,
APPELLANTS.

*Trade marks — words descriptive of, or having relation to the business, cannot be seized upon and appropriated—the court will not aid a plaintiff who has adopted the words for the purpose of deceiving the public.*

APPEAL from a judgment of the New York Special Term, perpetually enjoining the defendants from using or permitting, or causing to be used, the words "International Bank," or any words similar thereto, or any translation or transposition of such words, etc.

Upon the trial evidence was given tending to prove that the plaintiffs and their predecessors had, since 1874, been continuously engaged in the business of selling foreign government and municipal bonds and securities under the name of the "International Banking Company," which name they adopted as their trade mark.

The plaintiffs' place of business was at the south-west corner of Broadway and Fulton street, in the city of New York, and had been there since May 1, 1883. Defendants, in May, 1874, established a place of business at the north-west corner of Broadway and Fulton street, in the city of New York, almost directly opposite that of plaintiffs', under the firm name of "Edward Sanders & Co.," and they still continue in business there under that name.

In the Weekly edition of the New York Staats Zeitung of February, 1887, appeared an advertisement, inserted by the defendants, in which the expression is used "Man wende sich an die Internationale Bank von Edward Sanders & Co., 212 Broadway, ecke Fulton Str., N. Y. City," which translated into English means "Inquire at the International Bank of Edward Sanders & Co., 212 Broadway, corner of Fulton Str., N. Y. City."

The defendants having refused to discontinue the use of this expression, the plaintiffs brought this action to restrain the use by defendants of the words "International Bank" in connection with their name, and obtained the judgment from which this appeal was taken.

The court, at General Term, said: "Although we might well base our decision in this case upon the evident fact that the plaintiffs have adopted the name of the "International Banking Company" for the purpose of deceiving the public into the belief that such "International Banking Company" is a corporation organized under the laws of this State for banking purposes, and that persons dealing with it have that security which the law exacts from such corporations, and that, therefore, the plaintiffs do not come into court with clean hands, and the court ought not to lend its aid to a perpetration of such imposition, it may be proper to consider the question involved upon its merits.

"That rights may be acquired in words in connection with a trade or business, where such words are arbitrary and have no signification in respect to the nature, kind or quality of business or goods sold, is well settled, but words having relation to the business cannot be seized upon and appropriated.

"None of the words sought to be protected are arbitrary. The plaintiffs deal in foreign and domestic securities with persons mostly of foreign birth. They represent themselves as doing a banking business, and therefore they attempt to describe their business by the use of the words 'International Banking.' 'International,' because they deal in both foreign and domestic securities and with foreign customers; 'Banking,' because they do a business such as is usually included in a banking business. These words are clearly descriptive, and were intended so to be, of the business claimed to be conducted, and being such they cannot be appropriated. If they are not descriptive, then they were used for the purpose of deceiving the public into the belief that such was the nature of the business carried on; and, as has before been said, the court should not lend its aid in order that the plaintiffs may have the exclusive right to continue this imposition.

"None of the cases cited in any way countenance the exclusive

right of the plaintiffs to the use of the words of the character sought to be protected in this action. These words, although they may have been in common use, were used arbitrarily in the trademark protected, and in no way were descriptive of the kind or quality of the goods or business to which they were applied. Upon the other hand, as has been seen, the words used by the plaintiffs were plainly intended to be descriptive of the business supposed to be done by the plaintiffs.

" The judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event."

*Ira Leo Bamburger*, for the appellants.

*Renno Loewy*, for the respondents

Opinion by VAN BRUNT, P. J.; BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.